**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:18-cr-0024 |
| ) | |
| **DOMINGO DIAZ-DIAZ,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

      **BEFORE THE COURT** is Defendant Domingo Diaz-Diaz's Motion to Vacate, Set aside, or Correct Sentencing by a Person in Federal Custody, under 28 U.S.C. § 2255. (ECF No. 68.) The Magistrate Judge issued a Report and Recommendation recommending that the Court deny the motion. (ECF No. 86.) For the reasons stated below, the Court will adopt the Report and Recommendation and deny the motion to vacate, set aside, or correct sentencing.

### I. BACKGROUND

      On June 25, 2018, a two-count information was filed charging Defendant Domingo Diaz-Diaz ("Diaz") with (1) possession with intent to distribute cocaine, and (2) attempted possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii)(II). (ECF No 1.) On February 4, 2019, the parties agreed to enter into a plea agreement[1] where Diaz agreed to plead guilty to count two of the information—attempted possession with intent to distribute cocaine. (ECF No. 52.) The parties filed a supplement to the plea agreement on June 11, 2019. (ECF No. 61.) The Court then sentenced Diaz to 30 months imprisonment plus four years of supervised release on June 13, 2019. (ECF No. 76.)

      Diaz filed the instant motion to vacate, set aside or correct sentencing under 28 U.S.C. § 2255 ("§ 2255 motion") on February 18, 2020, in which he asserts that he was denied

---

[1] While the plea agreement required Diaz to expressly waive "the right to petition under Title 28, United States Code, Section 2255," the plea agreement retained a specific carve out for claims of ineffective assistance of counsel under Section 2255. *See* ECF No. 52 at 6. Diaz claim in this case is that he received ineffective assistance of counsel. *See* ECF No. 68. Arguably, the ineffective assistance of counsel claim asserted in the instant motion could fall under the "waiver of appeal" clause of the plea agreement. Nonetheless, the Court will address the merits of the motion pursuant the Report and Recommendation of the Magistrate Judge.

*USA v. Diaz-Diaz*
Case No. 3:18-cr-0024
Order
Page 2 of 5

effective assistance of counsel because his "counsel failed to present the court with mitigating testimony and evidence that may have resulted in a substantially lower sentence than that imposed." (ECF Nos. 68 and 69.) In particular, Diaz argues that his attorney's failure to present testimony from several witness who all would have testified that they "were shocked at the allegations made towards Mr. Diaz-Diaz" and would have explained to the Court the need for compassion due to [Diaz's] families['] needs, his employees['] needs and the needs of the community," deprived the Court of essential mitigating evidence that could have lowered his sentence. (ECF No. 69 at 5.) Additionally, Diaz also asserts ineffective assistance because his attorney did not offer evidence or testimony regarding his daughter's disability or her extreme dependence on Diaz. *Id.* at 4.

On June 25, 2020, the United States filed an Opposition to Defendant Diaz-Diaz's Motion to Vacate Under 28 U.S.C. § 2255. (ECF No. 83.) Diaz subsequently filed a motion requesting a ruling on the merits of the motion to vacate on June 17, 2021.

On November 2, 2021, the Magistrate Judge entered a Report and Recommendation recommending that the Court deny the § 2255 motion to vacate without an evidentiary hearing. (ECF No. 86.) The Report and Recommendation was sent to Diaz on November 2, 2021, however, on January 6, 2022, the Court received the letter with a notice that the letter was unable to be delivered or forwarded to a new address. (ECF No. 87.) To date, Diaz has not provided a current address to the Court.

## II.   DISCUSSION

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). When a party is served by mail pursuant to Fed. R. Civ. P. 5(b)(2)(C) ("A paper is served under this rule by… mailing it to the person's last known address—in which event service is complete upon mailing"), the 14-day time period within which a party may object to a magistrate judge' report and recommendation is extended to 17 days. *See* Fed. R. Civ. P. 6(d) ("When a party

may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."); *see also Pearson v. Prison Health Serv.*, 519 F. App'x 79, 81 (3d Cir. 2013) (explaining that when a party is served with a report and recommendation by mail, the period to file objections is 17 days).

When a magistrate judge issues a report and recommendation, the Court is required to review *de novo* only those portions of the report and recommendation to which a party has objected. *See* Fed. R. Civ. P. 72(b)(3). When no objection to a magistrate's report and recommendation is made, or such an objection is untimely, the district court reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While... [28 U.S.C § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed. App'x 125 (3d Cir. 2008) (explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a *de novo* review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error'").

Here, Diaz was mailed a copy of the Report and Recommendation on November 2, 2021. *See* Hard Copy Notice on November 2, 2021. On January 6, 2022, the Court received a return receipt that the notice was unable to be delivered or forwarded to a new address. (ECF No. 87.) To date, Diaz has not provided a current address to the Court. Since a notice is considered delivered if it is mailed to the party's last known address, the deadline for Diaz to file objections to the November 2, 2021 Report and Recommendation was November 19, 2021. Diaz has not filed any objections. Accordingly, the Court will review the Report and Recommendation for plain error.

To reject or modify a report and recommendation under plain error review, a district court must find an error that is "plain, affects substantial rights, [or] "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Ludwikowski*

*USA v. Diaz-Diaz*
Case No. 3:18-cr-0024
Order
Page 4 of 5

944 F.3d 123 (3d Cir. 2019). "A 'plain' error is one that is 'clear' or 'obvious.'" *Gov't of Virgin Islands v. Lewis*, 620 F.3d 359, 364, 54 V.I. 882 (3d Cir. 2010) (quoting *United States v. Turcks*, 41 F.3d 893, 897 (3d Cir. 1994)). After reviewing the record in this case and the November 2, 2021 Report and Recommendation, the Court finds no plain error.

"The Sixth Amendment requires effective assistance of counsel at critical stages of a criminal proceeding," including during sentencing in both capital and noncapital cases. *Lafler v. Cooper*, 566 U.S. 156, 165 (2012) (internal citations omitted). However, in order to make an ineffective assistance of counsel, the defendant must satisfy the two-prong test laid out in *Strickland v. Washington*. 466 U.S. 668, 674 (1984). "To satisfy Strickland's two-prong inquiry, counsel's representation must fall 'below an objective standard of reasonableness, and there must be a reasonably probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Padilla v. Kentucky*, 559 U.S. 356, 357 (2010) (quoting *Strickland*, 466 U.S. at 688, 694). The Supreme Court has made clear that the *Strickland* test is "highly deferential," *Harrington v. Richter*, 562 U.S. 86, 105 (2001), to attorneys and "surmounting Strickland's high bar is never an easy task" for a petitioner. *Padilla*, 559 U.S. at 371.

In light of the strong presumption that attorney conduct is reasonable under *Strickland*, the Court is unable to conclude that it was erroneous for the Magistrate Judge to determine that the failure to introduce the alleged aggravating evidence constituted deficient conduct so serious as to deprive the defendant of a fair trial. Moreover, the fact that Diaz received a sentence substantially lower than the statutory minimum makes it highly unlikely the sentencing court would have considered imposing a lesser sentence in this case. Therefore, since Diaz offered no explanation as to why the Court would have issued a lesser sentence based on the proposed evidence, there was no error in concluding that Diaz was not prejudiced by the failure to introduce the alleged aggravating evidence.

### III.  CONCLUSION

For the foregoing reasons, the Court will adopt the November 2, 2021 Report and Recommendation.

The premises considered, it is hereby

*USA v. Diaz-Diaz*
Case No. 3:18-cr-0024
Order
Page 5 of 5

      **ORDERED** that the November 2, 2021 Report and Recommendation, ECF No. 86, is **ADOPTED**; it is further

      **ORDERED** that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 68, be **DENIED** without an evidentiary hearing; and, ECF No. 1, is DISMISSED; it is further

      **ORDERED** that a certificate of appealability is **DENIED**

      **ORDERED** that all pending motions are **MOOT**; and it is further

      **ORDERED** that the Clerk of Court shall **CLOSE** this case.

      **ORDERED** that the Clerk of Court shall **CLOSE** the companion civil case of *Diaz-Diaz v. United States*, Case No. 3:20-cv-0016.


**Dated:** October 27, 2022                             /s/ *Robert A. Molloy*
                                                                            **ROBERT A. MOLLOY**
                                                                            **Chief Judge**